W. C. Miller, &c., v. W. W. Cabell, &c.

CASE 30—EQUITY—MAY 19, 1883.

# W. C. Miller, &c., v. W. W. Cabell, &c.

APPEAL FROM HART CIRCUIT COURT.

1. Infants having a statutory guardian can only appear in court by him ; if he declines, they must appear by their next friend, and make the guardian defendant.

2. The statutory guardian having probated the will in the county court, and having the right to sue, the circuit court could not dismiss as to him unless his interest was hostile to the infants, or that he was prosecuting the action in bad faith   He is a necessary party.

3. Foreign guardian may sue under the Civil Code for his infant.

4. It is error to change the venue of an action to a county other than one adjoining, simply because counsel could not agree on one adjoining.   It was necessary to show that the parties could not obtain a fair and impartial trial.

5. Although an executor has not qualified, he is a proper party to an appeal from the county to the circuit court against the probate of a will.

6. Dismissal of the appeal as to the guardian, though error, was not a dismissal of the entire appeal.

H. C. BAKER, J. R. HINDMAN, J. R. SAMPSON, T. T. ALEXANDER, and A. DUVALL for appellants.

1. The appeal from the county to the circuit court was never effected. (Ky. Law Rep., April, 1881, Pryor v. Mayner, p. 253 ; sec. 734, Civil Code ; ch. 2, sec. 725, Civil Code.)

2. The notice for the change of venue was insufficient, and the change erroneous. (Gen. Stat., sec. 2, art. 1, chap. 12 ; sec. 627, Civil Code ; subsec. 1, sec. 35, Civil Code ; Ib., subsec. 3 ; sec. 38, Civil Code ; Ib., sec. 32 ; Ib., sec. 59 ; subsec. 3, sec. 36, Civil Code ; 9 Bush, 498 ; sec. 4, art. 1, ch. 12, Gen. Stat. ; 1 Rodman, Kennedy v. The Commonwealth, 449 ; Gen. Stat., ch. 12.)

3. The infants were not non-residents. (Schuler's Domestic Relations, 312, 412 ; Forbes v. Forbes, 3 Am. Law Reg., O. S., 255 ; Munday v. Baldwin, 1 vol. Ky. L. R., No. 6, Dec., 1880 ; 14 B. M., 316 ; C. C., sec. 38 ; 18 B. M., 98 ; 3 Met., 469 ; 4 Met., 196 ; 4 Bush, 162 ; 7 J. J. M., 165 ; 6 J. J. Mar., 227 ; 7 B. M., 613.)

4. The court erred in permitting both depositions of Eudosia G. Miller to be read. (Sec. 553, Civil Code ; sec. 10, ch. 113, Gen. Stat.)

5. It is incumbent upon the party asserting revocation to show the will again in the testator's custody, or that it was destroyed by his directions. (Redfield on Wills, vol. 1, p. 328 ; Jarman on Wills, p. 158 ;

W. C. Miller, &c., v. W. W. Cabell, &c.

Gaines v. Gaines, 2 A. K. Marshall, 190; sec. 111, Gen. Stat. of Ky.; 4 Monroe 363; 5 B. M., 58; 2 Wm. Blackstone, Bibb v. Thomas, 1073; Smith v. Dolby, 4 Harrington, 350; Painter v. Painter, 18 Ohio, 263; Kent v. Mahaffey, 10 Ohio State Reports, 277; Spoomore v. Cables, 584; Finch v. Finch, 1 volume English Law Reports, 371; Sprigge v. Sprigge, 1 vol. Probate and Divorce Eng. Law Reports, 608.)

6. A will being proved to have been made with all the legal formalities, is presumed to have existed until the death of the testator. (Jarman on Wills, 1 vol., p. 145, side page 106; Redfield on Wills, 1 vol., pp. 318, 319; Minkler v. Minkler, 14 Vermont, 127; Wolf v. Bollinger, 62 Ill., 368; Sugden v. Lord St. Leonards, English Law Reports, Prob. Div., 1875, 1876, p. 217.)

7. Declarations of testator not evidence in this case. (Redfield on Wills, 1 vol., pp. 542 and 544, note to A, B, C, D, E, F, and G; Smith v. Fenner, 1 Gallison, 169, United States Circuit Court, Rhode Island, Story, Justice; Stevens v. Vancleave, 4 Wash. C. Ct. Reports, 262, Bushrod Washington, Justice; Gibson v. Gibson, 24 Mo., 234; Boylan v. Meeker, 4 Dutcher, 274; Staines v. Stewart, 8 Jurist, N. S., 440, English Probate Court; Shailer v. Bunstead, 99 Mass., 117; Dickey v. Carter, 44 Ills., 376; Reynolds v. Adams, Cin. Law Jour., No. 22, p. 437; Milton v. Hunter, 13 Bush, 168; Jackson v. Kniffin, 2 Johns., 31; Waterman v. Whitney, 1 Kernan, 157.)

8. The court refused to properly instruct the jury. (1 Jarman on Wills, 158; Durant v. Ashmore, 2 Richardson, S. Car., 184; Minkler v. Minkler, 14 Vermont, 125; Jones v. Murphy, 8 Watts and Sergt., 275; Bruno v. Gray, Ga. Decisions, 136; Betts v. Jackson, 6 Wendell, 173; 3 Haggard Excl., 184; 4 Haggard Excl., 245; 1 Redfield, p. 306, 3d ed.; Hare v. Nasuyth, 3 Hagg., 192; Wynn v. Heringham, 1 Cal., 638; 1 Redfield on Wills, 3d ed., 328, 330; note to Williams on Executors, 137; Jackson v. Betts, 9 Cowan, 208; Rodes v. Vincent, 9 Gill., 169; 3 vol. Starkie, p. 1715; 14 Bush, 447; 4 T. B. Monroe, 362; 5 B. M., 58.)

SAMUEL AVRITT, W. H. CHELF AND WM. LINDSAY FOR APPELLEES.

1. All that is required to take an appeal in a will case is to file in the circuit court the proceedings had in the lower court. No bond is required. (Jones v. Jones, &c., 3 Met., 268; Pryor v. Mizner, late MS. Opin.)

2. All necessary parties were before the Hart circuit court, and the change of venue was according to law. (C. C., sec. 36; *Ib.*, secs. 57, 58, and 59; subsec. 3, sec. 36; subsecs. 5, sec. 59; subsecs. 7, sec. 59; sec. 724, Bullitt's Code; sec. 2, art. 1, ch. 12, G. S.; sec. 35, ch. 113, G. S.; sec. 37, ch. 113, p. 840, G. S.; C. C., sec. 630; Triplett v. Scott, 5 Bush, 82; 78 Ky., 449; 9 Bush, 503 and 504.)

3. A will in the possession of a testator when last seen, and not being found after his death, the presumption is that he revoked it. (1 vol. English Law Reports, Probate and Divorce Decisions; 7 B. Mon., 414; 5 B. Mon., 63.)

4. The will was not established according to law. (G. S., ch. 113, sec. 5; 7 B. Mon., 409; Soward v. Soward, 1 Duvall, 131; 3 Met., 268; 16 B. M., 112; 9 B. Mon., 29; 3 Mon., 149; 14 Bush, 448; 2 Met., 450; 12 B. Mon., 622; 7 B. Mon., 408.)

5. The court properly instructed the jury as to the meaning of the words "custody" and "possession," and the law of this case. (Holland v. Ferris, 2 Bradford's Reports (Surrogate), 334; *Ib.*, 284; Redfield on Wills, vol. 1, p. 171, sec. 9; Lister v. Smith, 3 Swab. & Tristman, 282; sec. 28, ch. 113, G. S.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The present appellants, William and Eddie Miller, who are the grandchildren of Clayton Miller, deceased, offered for probate, in the Adair county court, a paper containing, in substance, as was alleged, the last will and testament of their grandfather. The motion to probate the paper was based on the further statement that Clayton Miller had executed a last will, and the same had been lost or mislaid, and, upon the hearing in the county court, the paper was admitted to probate as his last will.

The appellants, at the time they instituted the proceedings in the county court, were both infants, and appeared as propounders of the paper by their statutory guardian, John H. Ward. All of the heirs and devisees were made parties to the proceeding, and, complaining of the probate of the will, prosecuted an appeal to the Adair circuit court. When the case reached the circuit court, the venue was changed to the Hart circuit, and the issue of will or no will made, resulting in a verdict against the validity of the paper probated in the Adair county court, and from this judgment the appellants appeal.

Before determining the questions raised on the merits of the controversy, it is proper to dispose of the question made as to the right of the Hart circuit court to try the cause, and the further question as to whether the parties were before the court on the appeal, who had the right to ask, in behalf of the infants, the probate of the alleged will. The infants, having a statutory guardian, could only appear in court by that guardian, unless he had declined to assert their claim to have the paper probated; and then, if appearing by their next friend, the guardian should have been made a defendant. Subsection 1 of section 35, Civil Code, provides "excepting married women, the action of a person under disability must be brought by his guardian, curator, or committee, or unless said guardian, curator, or committee refuse to sue, in which case he must be made a defendant."

Section 38 provides that no appointment of a guardian *ad litem* shall be made until the defendant is summoned, &c., nor until an affidavit of the plaintiff or his attorney be filed in court, or with the clerk, or presented to the judge during vacation, *showing that the defendant has* no guardian, curator, nor committee residing in this state known to affiant.

This last section applies where the infants are defendants to the action, and not where they are the actors or the plaintiffs. The statutory guardian had succeeded in having the will probated in the county where the infants appeared as the plaintiffs by him as their guardian. When the case reached the circuit court, the appellants, on the appeal from the county court, who are the appellees here, dismissed the appeal as to the statutory guardian, leaving the infants in court with an attorney appointed to defend for them as non-residents.

The party entitled to appear and prosecute the action for
the infants is no longer known in the record, because the
appellants declined to make him a party to the appeal.
Subsection 5 of section 59 requires the corresponding at-
torney to inform the defendant concerning the action; or, if
he learn that the defendant is under disability, other than
coverture, or other than infancy and coverture combined,
he shall so report, and must make an affirmative defense if
he can.    He is required to report that the necessary de-
fense shall be made, and if the infants were required to be
brought before the court on the appeal by a summons,
actual or constructive, the appearance by their statutory
guardian was an appearance for the infants in response to
the summons.    All should have been served on the infants
and their guardian, but no attorney was necessary to defend
when the infants, by their guardian, were in court prosecuting
the claim.    It was not a defense they were making, but the
appellants were defending, and the infants the propounders
of the will.    The burden on the issue of *devastavit vel non*
was on the infants, and an attorney appointed to defend
had no right to have the guardian displaced, and himself
substituted as the plaintiff.    A guardian *ad litem* to defend
cannot be appointed until there is an affidavit filed that
there is no statutory guardian.    If the guardian refused to
act, the court would have required some one, as the next
friend of the infants, to prosecute their cause of action; or,
if there was no guardian, the attorney might be regarded as
the *prochein amy* where the claim was prosecuted without
objection; but it is plain that where the guardian of an
infant sues for him, he is the *real actor*, and the court has
no power to displace him, unless his interest is in some
manner hostile to the infant, or is prosecuting the action

in bad faith, and without regard to the interest of the infants.

The court should not have dismissed the appeal as to the guardian, whether the infants lived in the state or out of it, nor was it necessary to have an attorney appointed under such a state of case.  If the parties insisted on dismissing as to the guardian, the entire appeal should have been dismissed.  A foreign guardian may sue under our Code for his infant, and here there is a resident guardian who, in the first place, brings the action, and then is, in effect, removed by the voluntary act of the parties prosecuting the appeal against him.  If he could bring the action, he was an indispensable party to the appeal, and failing to prosecute it as to him, all after proceedings were erroneous, if not void.

A motion was made to change the venue after the guardian had been, in effect, removed, to which the attorney appointed to defend objected.  No notice had been served on the statutory guardian, and his voice is silenced by the dismissal of the appeal as to him.  The case was sent to the Hart circuit, a county not adjoining the county of Adair, and for no other reason than that counsel could not agree on an adjoining county.  It was necessary to show that the parties could not obtain a fair and impartial trial in the adjoining counties before the case could go to Hart.  The failure of counsel to agree was no valid objection or reason for sending the case to the county of Hart.

This court, in the case of Kennedy v. The Commonwealth, has adjudged that the case must be sent to an adjoining county, unless valid objections are made.  There is but little difference in the language of the two statutes authorizing the venue to be changed in civil and criminal cases.

The word adjacent in penal statutes has sometimes been construed, and very properly, as meaning near by, although not adjoining; but the evident meaning of the statute before us is to confine the parties to the trial of the cause in the county in which the action is brought, or to an adjoining county, unless some available objection is made or consent given.   The infants could not consent to the removal, and the attorney appointed to defend for them entered his protest against the removal, and when the case reached the Hart circuit court, he made a motion, in behalf of the infants, to have it remanded to the Adair circuit.   A special judge, selected to try the case, overruled his motion, and subsequently required the appellees to make the guardian a party, but this was too late to cure the error already committed, and besides, when made a party, the guardian objected to the jurisdiction of the court, insisting that the appeal could not be dismissed as to him until all the preliminary steps were taken to obtain a change of venue, and then have him reinstated as appellee in the appeal for the purpose of a trial on the merits.   This objection was proper, and the court should have remanded the case.

Pelley, the executor, and who had qualified in the Adair county court, seems also to have been ignored by the appellees in taking their appeal.   While the verdict shows that he was not the executor, still he had qualified, and he should have been made a party also.   While the omission to make him a party might not have proved fatal to the judgment, or authorized a reversal, still it was proper to have him before the court in order that the rights of all might be settled.   This court has held, in Walker v. Sawyer's ex'rs, that where the infant is a defendant, the regular guardian must be allowed to conduct the defense, unless

there is some reason for displacing him ; and where the regular guardian undertakes to prosecute the action, the greater the necessity for permitting him to protect the rights of his wards.   It was error, therefore, to have dismissed the appeal as to the guardian.   It was error to change the venue to Hart county without an available objection made to the adjoining counties.   It was also error in refusing to remand the case to the Adair court, as it was improperly sent to the county of Hart.

The appellants also object to the manner in which the appeal was taken to the Adair circuit court from the county court.   No bond was necessary to be given, and while the original papers ought to have been forwarded, the copy of the paper purporting to be the will was filed, and also a copy of the order admitting it to probate.   The appeal should not have been dismissed for that reason.   It is also urged that, as the appeal was dismissed as to the guardian, the entire appeal went with it.   The infants were before the court, and interested in the issue, and while the guardian cannot be regarded as a mere nominal party, still the failure to make him a party leaves the appeal with such a defect of parties only as that a trial, if had, and judgment, as in this case, will be considered as erroneous, and the parties have leave to amend.

We have not examined into the merits of this case, as the party representing the infants was not heard in the court below, and all questions arising on the merits are left open, and the case to be retried as if no trial had taken place in the Hart circuit court.

The judgment is reversed, and the cause remanded, with directions to remand the case to the Adair circuit court,

and the appellees are permitted, by an order of that court, to set aside the order of dismissal as to the guardian.

On the return of the cause, with the order of dismissal set aside, the infants and guardian should be regarded as in court for all the purposes of a trial.

Judgment reversed, and cause remanded, for proceedings consistent with this opinion.

Judge Lewis not sitting.