McMakin v. Stratton.

CASE 36—PRACTICE—SEPTEMBER 11, 1884.

# McMakin v. Stratton.

### APPEAL FROM NELSON CIRCUIT COURT.

1. The collection of a part of a debt on renewal notes that were forgeries as to the surety, but binding on the principal, does not release the surety on the note conceded to be his, until the old notes had been surrendered and the new notes accepted by the obligee.

2. It is error for infants to defend by a guardian *ad litem* when the record shows that they have a statutory guardian, summoned as such in the case.

3. It was not necessary that appellee should have a return of "no property found" to enable him to go into a court of equity. His demand was of equitable cognizance originally, and being properly in court, it was the duty of the Chancellor to afford him entire relief

4. Oral testimony may be adduced in an issue out of chancery.

E. E. McKAY AND JOHNSON & WICKLIFFE FOR APPELLANT.

1. No answer was filed by the statutory guardian of the infant defendant. The statutory guardian was summoned, and, therefore, was in court. To appoint a guardian *ad litem* in such case is error. (Civil Code, section 38, section 36, subsection 3.)

2. After appellee knew that the two $1,300 notes were forgeries he collected from the estate of Hinkle in bankruptcy his *pro rata* on the third distribution, so declared to be invalid. This bars appellee from a judgment on the old note. (Bank Commonwealth v. Ray, 7 J. J. Mar., 273; Napper v. Yager, MS. opinion, 1881; Vaner v. Campbell, MS. opinion, 1882.)

3. No judgment and return of no property found had been obtained by appellee before the institution of this suit.

JNO. S. KELLEY FOR APPELLEE.

1. Appellee comes into a court of equity to recover upon a demand of which the Chancellor has complete jurisdiction, and being properly in court he is entitled to relief. (Story on Notes, 450; 3 Bibb., 327; 6 Mon., 140; Crawford v. Summers, 3 J. J. Mar.; Civil Code, sections 6 and 7; Halbert v. Grant, 4 Mon., 583.)

2. It was not error to appoint a guardian *ad litem* for the infant. (Civil Code, subsection 3, section 36; subsection 2, section 38.)

3. The collection by appellee from Hinkle in bankruptcy is no bar to the action. The point has already been decided by this court upon a former appeal in this case.

McMakin v. Stratton.

4. Oral testimony may be used in an issue out of chancery, unless it be inhibited by the court. (Moore v. Simpson, 2 Met., 243.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

It is needless to discuss the right of recovery on the facts alleged in the petition, as the case has been heretofore in this court, and the petition adjudged to be good on general demurrer, and we perceive no reason why the collection of a part of the debt on the notes that were forgeries as to the surety, but binding on the principal, should relieve the surety on the note conceded to have been binding on all until its surrender to the principal obligor, and the forged notes accepted in lieu thereof.

It was for the benefit of the surety to collect the money on the forged notes, and the amount of that collection has been credited on the note in controversy, and no well-founded complaint arises from this alleged error.

Another ground for reversal in this case is that the infant defendants appeared and defended by their guardian *ad litem*, when the record shows they had a statutory guardian whose duty it was to make defense for the infants.

Section 38, of the Civil Code, does provide that "no appointment of a guardian *ad litem* shall be made until the defendant is summoned," etc., nor until an affidavit of the plaintiff or his attorney shall be filed, showing that the defendant has no guardian, curator nor committee residing in the State known to the affiant. Subsection 2 of the same section provides that a guardian *ad litem* may be appointed by the court or the judge thereof, whether a guardian, curator or com-

mittee appear for the defendant or not, or by the clerk of the court during vacation, if the affidavit mentioned in subsection 1, of this section, be filed. No affidavit could have been made in this case that there was no statutory guardian, because the record showed there was such a guardian, and if it had been suggested to the court that the guardian was present, an affidavit filed that no guardian *ad litem* was necessary for that reason, the court under subsection 2, was authorized to appoint a guardian *ad litem*. The appointment is left to the discretion of the court, whose duty it is to see that the interest of the infant is protected and a proper defense made for him.

The prime object in requiring an affidavit, as provided in subsection 1, of section 38, is to notify the court of the existence of a statutory guardian, if one has been appointed, whose duty it is to defend for the infant for the reason that such a guardian is presumed to know more of the question involved in the litigation than a mere stranger, and, therefore, is in a condition to make a substantial defense, if any exists; but although the guardian is in court, the judge may still appoint a guardian *ad litem*, as provided in subsection 2. The statutory guardian was in court; had been served with process for the infants, but made no defense, for the reason, doubtless, that their mother and the administrator of the estate of their father had made the issue as to the right of recovery on the old note, and the counsel representing the estate was made guardian *ad litem*, that the infants might make a common defense with their mother. A statutory guardian may, by neglecting his duty, decline to defend, or the

judge, under the circumstances of the particular case, may deem it proper that the infant should be defended by a guardian *ad litem* instead of the statutory guardian, and in all such instances the discretion of the court will be controlled in its action by what is conceived to be the interest of the infant defendant. Here the infants have been properly served with process; the guardian notified and the defense filed by the mother, and the administrator made the defense for the infants, and it would, under the circumstances, be trifling with parties to say that the absence of an affidavit that there was no guardian, when there was one, precluded the court from appointing a guardian *ad litem*, and necessitates a reversal of the judgment below. The issue in the case was as to the liability of the intestate on the old note surrendered for the forged notes. The question was submitted to the jury on that issue, as directed by the Chancellor, and, when tried, the judgment was for the appellee. Oral testimony was heard on that trial, and the objection that it should have gone to the jury in the form of a deposition is unavailing. The ancient chancery practice permitted the introduction of this character of testimony—at least such has been the practice in this State. See Savings Bank v. Kenton, 2 Metcalf, 243, and Reading's administrator v. Ford, 1 Bibb, 338, and besides, subsection 2, of section 552, when treating of issues of fact in equitable actions, provides that the court may require oral testimony upon a trial by jury.

Another question raised by counsel is: That the Chancellor had no power to subject the land conveyed by the intestate to his wife and children, upon the

ground of fraud or no consideration, until he had obtained his return of no property found. It is certain that the appellee, when seeking the aid of the Chancellor to relieve him from the fraud and forgeries by which he was induced to surrender a valid claim, had gone to the proper tribunal for relief, and the claim being of equitable cognizance he had the right to combine with his prayer for judgment the further prayer for subjecting the property fraudulently conveyed to the payment of his debt. There may have been some question as to the propriety of making the widow and infant children defendants or of uniting the causes of action, but having done so and no demurrer being interposed upon that ground, it is now too late to raise that question. In Halbert v. Grant, 4 Monroe, this court has said: "Where the claim is purely equitable, and such as the Chancellor will take cognizance of in the first instance, he will at the same time go the entire extent and inquire into obstructions in the way of enforcing the demand." This is the third time this case has been passed on in this court, and at this stage of the proceeding it is not necessary to inquire into the sufficiency of the pleadings or the nature of the remedy adopted. All the questions have been passed on at a former hearing, and besides the appellee was entitled to relief.

Judgment affirmed.