Case 31—PETITION EQUITY—October 18.

## Tabor by, &c., v. Tabor, &c.

APPEAL FROM FLEMING CIRCUIT COURT.

1. Settlement by Chancellor Upon Married Woman.—In a direct suit by the wife against the husband a court of equity will, by appropriate orders. secure to the wife, free from control of the husband, the beneficial interest of a fund due her, when she presents a meritorious case.

In this action by the wife, suing by her next friend, against the husband, as the petition alleges that the wife is an infant of weak mind, and that the husband is insolvent, improvident and of vicious habits, and married the plaintiff for the purpose of obtaining a sum of money due her from her guardian, which is all the property she owns, and that if he succeeds in doing so he will waste it, and the prayer of the petition is that this sum be settled upon the wife and secured to her beyond the reach of her

husband, the court erred in sustaining a demurrer to the petition.

2. SUIT BY NEXT FRIEND.—Section 35 of the Civil Code authorizes the bringing of such a suit as this by next friend when the guardian is to be made a defendant. And the order of court authorizing the wife to bring this suit having been obtained by the next friend it must, in the absence of proof to the contrary, be presumed to have been properly made and granted.

JOHN S. POWER AND CARROLL POWER FOR APPELLANT.

JNO. P. M'CARTNEY FOR APPELLEES.

Record and briefs misplaced.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

This action was instituted in the Fleming Circuit Court by Zulie Tabor, late McClain, by her next friend, Nancy J. Gorrel, against J. M. Tabor, the husband of said Zulie, and David Wilson, her guardian.

The petition alleges in substance that the wife, Zulie, is an infant, and of weak mind, not capable of looking after and managing her own affairs, and that there is due her $900 from her guardian, which is all the property she owns; that the husband is thriftless and improvident, insolvent, designing and unprincipled, of vicious habits, of bad reputation as to morals and integrity; that plaintiff believes that he married said Zulie for the purpose of obtaining said money, and is endeavoring to do so, and will, if he succeeds, waste and make way with it, and said Zulie will be left without means for the support of herself and children if she should have any. Plaintiff prays that said fund be settled upon said ward and secured to her beyond the reach of the husband by appropriate orders of court. Plaintiff also filed an order of the judge of said court permitting her to bring this suit. A general demurrer was sustained to the petition

and petition dismissed, and from that judgment this appeal is prosecuted.

It seems to be well-settled that courts of equity will always see that a fund due the wife is secured to her beneficial interest in contests between her and a creditor of the husband, when a meritorious case is presented by her, and we can see no reason why a court of equity may not do the same in a direct suit by the wife against the husband.

The 35th section of the Code seems to authorize the bringing of such a suit as this by a next friend where the guardian is to be made a defendant. (Miller v. Cabell, 81 Ky., 178; McMakin v. Stratton, 82 Ky., 226.)

And the order of court having been obtained by the next friend, it must, in the absence of proof to the contrary, be presumed to have been properly made and granted.

Mr. Story, in his Equity Jurisprudence, after stating cases in which the wife's interest should be protected in regard to money or choses in actions due her, says: "The equity of a wife to a settlement will not only be enforced in regard to her choses in action and equitable interests under the circumstances above mentioned against her husband and his assignees, where he or they are plaintiffs seeking aid and relief in equity, but it will also be enforced where she or her trustee brings a suit in equity for the purpose of asserting it. This was formerly matter of no inconsiderable doubt, as it was not unnaturally supposed that the jurisdiction rested solely upon the ground that parties seeking relief in equity should do equity; and if they were not seeking any relief then that the court remained passive. But the doctrine is now firmly established that whenever the wife is entitled to this equity for a settlement out of her equitable interests against her husband or his assignees, she may as-

sert it in a suit as plaintiff by bringing a bill in the name of her next friend." 2 Story's Eq., section 1414.

It seems to us that the court below erred in sustaining the demurrer to the petition. If the averments thereof are true, the court should make such orders and make such disposition of the fund as will fully protect the interest of the infant weak-minded wife, and secure to her the beneficial use of the meager patrimony due her.

The judgment of the court below is, therefore, reversed, and cause remanded, with directions to overrule the demurrer, and for further proceedings consistent with this opinion.