## Ina Lawson's Guardian v. D. L. Lawson's Administrator, et al.

(Decided February 27, 1923.)

### Appeal from Whitley Circuit Court.

1. Guardian and Ward—Guardian Authorized to Sue Administrator and Bondsmen Though Inventory or Settlement Not Filed.—Under Ky. Stats., section 2030, authorizing guardians to receive and use for debts and demands owing to their wards, etc., a guardian of an infant distributee may sue the administrator and his bondsmen in the circuit court, though no settlement or inventory has been filed in the county court by the administrator.

2. Guardian and Ward—Ward May Only Appear by Guardian Unless he Declines to Act.—Under Civil Code of Practice, section 35, an infant who had a guardian could only appear in court by such guardian, unless the guardian declined to assert the claim, and by virtue of section 21, it was proper practice not to make the ward a party plaintiff in an action by the guardian.

3. Action—Equitable Defenses May be Set Up in Action at Law and Action Transferred if Proper.—That action by guardian of infant distributee against administrator and his bondsmen is brought at law will not prevent defendants from setting up any equitable defense they may have, and, if proper, the case may be transferred to equity for trial.

B. B. SNYDER and J. B. SNYDER for appellant.

TYE & SILER and H. H. TYE for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

J. S. Gatliff, as guardian of Ina Lawson, filed suit in the Whitley circuit court against the appellees herein, in which he alleged that the father of his ward, D. L. Law-

son, died in 1912; that the deceased's brother, Joe Lawson, qualified as the administrator of his estate and executed bond as such with his father, M. L. Lawson, as surety; that M. L. Lawson has since died leaving the defendants (the appellees herein) his children and heirs at law. He further alleged that there came to Joe Lawson's hands belonging to the estate of D. L. Lawson the sum of $500.00, that Joe Lawson as administrator never filed any inventory or made any settlement whatever in the county court and that, barring the cost of administration, he was due and owing that sum to plaintiff's ward, and that the other defendants, as children and heirs at law of M. L. Lawson, had received his estate and were liable to his ward for the amount so received.

A general demurrer was sustained to the petition and plaintiff has appealed. It is recognized that a failure upon the part of a personal representative to file an inventory or make a settlement is a breach of the conditions of his bond. See Corpus Juris, vol. 24, page 1075, and cases cited.

It is also settled in this state that a suit can be maintained in the circuit court against the personal representative and his bondsmen although no settlement or inventory has been filed in the county court by such administrator. Robinson v. Elam's Exor., 90 Ky. 303; Commonwealth v. Hammond, 10 B. Monroe 62.

This is conceded by the appellees, but it is argued by their counsel that while such action can be maintained by a distributee, it will not be allowed to a guardian whose authority is derived from the statute and limited thereby.

Section 2030, Kentucky Statutes, provides:

" . . . he shall also receive and sue for the debts and demands owing to the ward, defend actions against him and with leave of the court may compound the debt or demand or settle or compromise any controversy concerning the lands of his ward when the interest of the ward will be subserved thereby."

Certainly the words "debts and demands owing to the ward" are comprehensive enough to include a claim of this character. Furthermore, the infant had a guardian and could only appear in court by that guardian, unless he had declined to assert the claim. Civil Code, section 35; Miller v. Cabell, 81 Ky. 181.

While the ward was not made a party plaintiff, the action being brought in the name of the guardian, it would

seem that under section 21 of the Civil Code, this is proper practice. Mahan v. Steele, 109 Ky. 40.

It follows that the court erred in sustaining a demurrer to the petition. While brought at law, this will not prevent the defendants from setting up any equitable defense they may have and if proper to have the same transferred to equity for the trial of such issue.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.