DAVIS
vs
LEE.

---

FORC. ENT.
AND DET.

*Case* 98.

2bm 300
109 132

## Davis *vs* Lee.

ERROR TO THE HARDIN CIRCUIT.

*Forcible entry and detainer. Ejectment. Possession.*

*April* 28.

JUDGE MARSHALL delivered the Opinion of the Court.

Although the party may have a judgment in ejectment in his favor, yet if he forcibly enter without the aid of the process and the officer, it is a forcible entry within the contemplation of the statute.

ALTHOUGH it is true that after a judgment for the plaintiff in ejectment, the lessor may enter and take possession of the premises recovered, without the process or the officer of the law; yet this right must be understood as being subject to the qualification, that if the entry be against the will or without the assent of the person or persons who have the possession in fact, the possession acquired by such entry is not a lawful or indefeasible possession; but the entry being, by the express terms of the statute relating to forcible entries and detainers, a forcible entry, the possession is, by the provisions of the same statute, subject to be removed and regained by the party on whom the entry is made.

A judgment in ejectment ascer-

The judgment, indeed, ascertains and establishes the pre-existing right of entry of the lessor, and also ascer-

tains and establishes the duty of the defendant to restore the possession to him; but of itself it neither deprives the defendant of the possession in fact, nor coerces his consent to the entry of the plaintiff, and its great efficacy consists in its giving to the plaintiff or his lessor, the immediate command of the public power and authority for the enforcement of his right.

The law gives this aid through its process and its officers, not merely that the right may be enforced, but also, that it may be enforced peaceably and according to law; and it does not allow private force even for the recovery of that which has been adjudged to the party. The first section of the statute against forcible entries and detainers, expressly prohibits an entry with any manner of force, even where an entry is given by law. The following sections prescribe the remedy for an entry contrary to the provisions of the first section; and the 17th section defines the forcible entry intended by the act, as being an entry with or without multitude of people, against the will or without the consent of the party having the possession in fact. Such an entry having been indisputably proved in this case, the remedy given by the statute is clearly applicable, and the judgment in ejectment forms no obstacle to it. The instructions given to the jury to this effect, were, therefore, not erroneous and the judgment is affirmed.

*Allen* for plaintiff; *Owsley & Goodloe* for defendant.

tains the right to possession, but does not divest the possession in fact, but only gives the authority of law through its process, and the officers of the law to regain the possession.