CASE 17—PETITION EQUITY—DECEMBER 21.

## Salve vs. Ewing.

APPEAL FROM LOUISVILLE CHANCERY COURT.

An action brought in April, 1863, for fraud or mistake in the execution of a deed dated in November, 1852, is barred by lapse of time. (*Revised Statutes, section* 5, *chapter* 53.)

WOLFE & HAYS, for appellant, cited 4 *J. J. M.*, 75 ; 12 *B. M.*, 269 ; 2 *B. M.*, 65.

SPEED & SMITH for appellee.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT :

This action was commenced on April 25th, 1863. The deed of Ewing to Salve bears date November 5, 1852. More than ten years had elapsed " after making the contract." Section 5, chapter 63, 2d volume Stanton's Revised Statutes, page 129, provides, that " in actions for the relief for fraud or mistake, or damages for either, the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake ; *but no such action shall be brought ten years after the time of making the contract or the perpetration of the fraud.*"

The Revised Statutes went into effect on July 1, 1852, and, before the making this contract. Ewing relied on the lapse of time as a bar, which was an all-sufficient defense.

The chancellor's judgment dismissing the suit is correct, although for other and perhaps insufficient reasons. Wherefore, the judgment is affirmed.