Owings v. Tucker.

CASE 48—PETITION EQUITY—JUNE 19.

# Owings v. Tucker.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. ACCEPTANCE OF DEED.—If a grant is beneficial to the grantee, it may be presumed that he has accepted it; but if, from the nature of the grant, this presumption does not arise, an acceptance must be otherwise shown.

2. SAME.—If a grant is made to an adult without his knowledge or consent, it is no grant, because he can not be made a grantee without his knowledge and consent; and when the knowledge is brought home to him, he may reject the grant.

3. SAME.—If a deed made to an infant is beneficial to him, equity will imply an acceptance; but he may reject the grant upon his arrival at age if he has not done any act which will estop him.

WOOD & DAY, TURNER & SON FOR APPELLANT.

The presumption is that a deed beneficial to the grantee has been accepted by him. (Davenport v. Prewitt, 9 B. M., 94; Fisher's Adm'r v. Hess, 9 B. M., 617–18.)

WM. H. HOLT, HENRY L. STONE FOR APPELLEE.

1. It is essential to the validity of a deed that there should be an *actual* acceptance by the grantee, or something equivalent to it. The presumption that a party *will* accept a deed because it is beneficial to him will not be carried so far as to consider him as *having accepted* it. (Davenport v. Prewett's Adm'r, 9 B. M., 94; Commonwealth, Thompson's Heirs v. Jackson, &c., 10 Bush, 424; Tuttle v. Turner, 28 Texas, 773; 2 Washburn on Real Property, side page 581; Bell

v. Farmers' Bank, 11 Bush, 35; Alexander v. DeKermel, 81 Ky., 345; Skillman v. Hamilton, 1 Bush, 248.)

2. The deed of an infant is not void, but voidable only. Slight acknowledgments after full age are sufficient to determine the election in the infant to affirm or avoid his voidable deed. (Phillips v. Green, 5 Mon., 350,)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

In 1853 David L. Jones deeded jointly to his children as a gift his home tract of land, containing four hundred and seventy-five acres, reserving the right of maintenance out of the land. H. L. Jones was an infant son of the donor, and was one of the donees. In 1859 David L. Jones divided this land between said children, and made each a deed to his part, deducting previous advancements from his interest. David L. Jones conveyed by deed the part designed for H. L. Jones to him for life, remainder to his children. Several years thereafter the appellant caused the life interest of H. L. Jones in this land to be sold by the sheriff, and he purchased it, and received a deed for it, and took the possession of it under said deed, and so held the possession for several years, when he discovered, as he says, that David L. Jones had, in 1853, conveyed to H. L. Jones an undivided fifth interest in said tract of land in fee, which he had sold under another execution to satisfy the remainder of the debt existing after the sale of said life interest.

Did H. L. Jones acquire title under the deed of 1853? Certainly not. The case of Davenport v. Prewitt, &c., 9 B. M., 98, upon which the appellant relies, says that, in order to make a valid conveyance, there must be both a grantor and grantee, and if the grant

is beneficial to the grantee, it may be presumed that he has accepted it; and if, from the nature of the grant, this presumption does not arise, an acceptance of the grant must be otherwise shown, else there is no grant. And if a grant is made to an adult without his knowledge or consent, it is no grant, because he can not be made a grantee without his knowledge and consent, and when the knowledge is brought home to him he may reject the grant. Also, equity will imply an acceptance of a grant made to an infant, if beneficial to him, but he may reject the grant upon his arrival at age, if he has not done some act which will estop him.

Here there is no proof whatever that H. L. Jones ever accepted the deed of 1853. On the contrary, it is expressly proven that he did not accept said deed, but accepted the deed of 1859, and took possession of the land under it, and held the possession under it until it was sold by the appellant. The old suit, upon which the appellant relies as evidencing that H. L. Jones accepted the deed of 1853, explicitly shows the reverse of that fact. It shows that H. L. Jones accepted the deed of 1859. Also, it is shown beyond all cavil that the deed of 1853 was, prior to the deed of 1859, canceled by a reconveyance of the land. This is shown not only by the decided weight of evidence in this case, but by the answer of J. M. Jones in the old suit referred to, which is not denied in the particular that it alleges the reconveyance.

The judgment is affirmed.

Judge HOLT not sitting.