Young v. Milward &c., and Young v. Young.

CASE 18—ACTION FOR SALE OF REAL ESTATE AND FOR ALLOWANCE IN LIEU OF HOMESTEAD—AND ACTION FOR FORCIBLE ENTRY AND DETAINER ·HEARD TOGETHER—OCT. 5.

# Young v. Milward, &c., and Young v. Young.

APPEAL FROM FAYETTE CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF IN BOTH CASES AND BOTH AFFIRMED.

DEEDS—CONCLUSIVENESS OF CERTIFICATE—PRESUMPTION OF ACCEPTANCE —HOMESTEAD—ABANDONMENT.

Held in the Homestead Case.  1. Under Kentucky Statutes, sec. 3760, a certificate of the clerk of the county court that a deed was duly acknowledged and lodged for record can not be called in question, except on an allegation of fraud in the party benefited thereby, or mistake on the part of the officer.
2. Where two deeds to the same land were executed on the same day, the grantee in the first deed being the grantor in the second, and the second deed being beneficial to the grantee therein, it will be presumed after the lapse of many years that both deeds were accepted.
3. Where a widow surrendered a homestead under duress and in ignorance of her rights, she can not be regarded as having ceased to occupy the homestead, as the person to whom she surrendered possession must be regarded as holding it as her agent or tenant.

Z. GIBBONS FOR APPELLANT IN THIS CASE AND FOR APPELLEE IN THE FORCIBLE ENTRY CASE.

1. The suit was evidently brought under sec. 490 of the Code, but that does not authorize a widow claiming homestead, or dower, to institute such a proceeding.    The suit must be brought by

one of the joint owners of the *vested estate* in possession. Dower is not an estate until assigned. Malone v. Com. 95 Ky., 94.

2. Homestead ceases as to a childless widow whenever she removes from the premises with no intention to return or with an intention not to return. Her failure to return is strong evidence of her intention. Crobb v. Potter, 12 Ky. Law Rep., 430; Ky Stats., 1707.

3. A deed may be signed, acknowledged, and recorded and still not binding on the grantee. Delivery is essential. Bell v. Farmers Bank 11 Bush., 35; Hughes v. Easten, 4 J. J. M., 573; Thomas v. Jackson, 10 Bush, 429; Ford v. Gregory, 10 B. Monroe, 180; Jefferson Co., B. A. v. Heil &c., 81 Ky., 516; Braun v. Monroe, 11 Ky., Law Rep., 324; Owings v. Tucker, 9 Ky., 297.

4. Acceptance presumed where deeds are ancient and have been recorded. Harlan v. Howard, 2 Ky. Law Rep., 368; Boyd v. Bethel, 10 Ky. Law Rep., 470.

5. Statement of the holder of real estate, while in possession, is evidence of how he holds. Young v. Adams, 14 B. M., 102. It is evidence for or against him, and those claiming under him. Franklin v. Wooldridge, 20 Ky. Law Rep., 26.

6. The judgment is too indefinite and uncertain; does not fix the rights of any of the parties. Stevens v. McCormick, 19 Ky. Rep., 742; Estes v. McIntosh, 9 Ky. Law Rep., 280; Dills v. Justice, 10 Ky. Law Rep., 547; Brumfield v. Reynolds, 4 Bibb, 388; Childs v. Slevin, 3 Mar., 347; Haupt v. Pittalooge, 6 Bush., 499; Tucker v. Phillips, 2 Met., 418; Hunt v. Wilson, 14 B. M., 46; Young v.. Bright, 1 Litt., 225; Malone v. Com., 95 Ky., 94; Crabb v. Potter, 12 Ky. Law Rep., 430; Ky. Stats., 708; Civil Code; sec. 604; Bell v. Farmers Bank, 11 Bush, 35.

POINTS AND AUTHORITIES IN FORCIBLE ENTRY CASE.

1. It is not necessary to constitute actual possession of land that there should be a growing crop on it, or a person residing in the house on it.

2. One with a judgment entering without process and an officer, commits forcible entry in the meaning of the statute. Davis v. Lee, 2 B. Mon., 300.

3. Right of property can not be inquired into, but the only question is possession. Tucker v. Phillips, 2 Met., 418.

4. An overt act, indicating a dominion and a purpose to occupy, will show actual possession. Willis v. Stevens, 24 Mo. App., 494; Brumfield v. Reynolds, 4 Bibb, 388.

5. There may be a possession in fact by a person not in fact on the land. Childs v. Stevens, 3 Marshall, 1178.

BRECKINRIDGE & SHELBY, ATTORNEYS FOR VERENETTE YOUNG.

1. An action in equity in the circuit court for the partition of property amongst the doweress and heirs of the deceased tenant who died seized in fee, with an allegation that the property is indivisible, and must be sold for purposes of partition, is in the nature of an action *in rem*, and where the plaintiff is the doweress, and asks for allotment of homestead instead of dower, the question of her possession is involved; and by the institution of such an action, the circuit court obtains exclusive jurisdiction over and concerning said property.

2. After the institution of such an action a magistrate's court can not obtain jurisdiction under a writ of forcible entry, to try the question of possession between parties to said action.

3. Where a doweress has been induced by false representation and by duress to deliver possession of such property to one not entitled to its exclusive possession, she remains in constructive possession of said property, and in equity the holding of a *tort feasor* is for her and in her behalf.

4. A doweress, giving up actual possession under such circumstances, upon discovery of the facts, and of her right to have retained possession, is entitled to resume possession, provided she can do so peaceably.

5. A writ of forcible entry or detainer can not be maintained unless the person having such writ issued has the actual possession of the property at the time of the issual of the writ.

6. The right of re-entry still exists in Kentucky and it is a right to enter on the land to which the right is attached, and thus obtain possession in fact.

7. The statute relating to forcible entries and detainers does not affect the common low right of entry.

8. The one having that right of entry has a right to do so if it can be done peaceably.

9. If premises be vacant; be in fact empty, he who has the right of possession, has, under the law of Kentucky, a right to retake the possession, and in such a case a writ of forcible entry or detainer does not lie.

　　As to the other matters in issue.

1. There was no motive upon the part of any one to forge the deeds in controversy herein, at that time. The transaction is a simple, intelligible and quite common transaction.

2. The deeds, themselves, when compared with each other, show they were written by a person familiar with the property, the persons and their relations.

3. The signatures are evidently in different handwritings, and nothing about them to show that they are cramped, forged or simulated.
4. The signature of the clerk is, beyond all doubt, genuine, and his certificate is conclusive proof that the persons who acknowledged those signatures to be theirs, and the deed to their act and deed, were Young and wife, and Milward and wife, and under the statutes this is conclusive. Sec. 3760 Ky. Statutes.
5. We contend that under the proof there was no abandonment in the sense in which that word is used in the statutes creating a homestead, and that L. P. Young can not take advantage of his mistake and of hers and his demand, and plead abandonment; and that in equity, she is in the same position that she was, if she had not left the property, for equity will not consider an act done under a mistake, an honest mutual mistake, as carrying with it, the results that would follow such an act, intentionally done.

OPINION OF THE COURT BY JUDGE PAYNTER, IN THE HOMESTEAD CASE—AFFIRMING.

Daniel W. Young died childless, in the possession of a house and lot in the city of Lexington. The title to the property had been originally in his first wife. After her death he married the appellee Verenette Young, who was living with him as his wife at the time of his death. Some time after his death, the appellant, L. P. Young, who was his nephew, and also a nephew of his first wife, demanded the possession of the property of the appellee, the widow. He claimed the property for himself and others (the first wife died childless), supposing that he, together with other kindred, acquired it by inheritance from her. Young demanded of her possession of the property or the payment of rent, and, being unable to pay rent, under duress, she surrendered it. She and Young were ignorant of two deeds,—one purporting to have been executed by Daniel W. Young and his first wife to Joseph Milward for the house and lot in controversy; the other purporting to have been executed on the same day by Joseph Milward and

wife, by which the same property was conveyed to Daniel W. Young. These deeds, as appear from the certificates of the clerk, were executed and recorded in 1844. According to the certificates they were duly acknowledged and recorded. The original deeds were found in a box in the county clerk's office of Fayette county, where deeds left for record that year were kept, but were not discovered until after the widow had surrendered the possession of the property. The execution of the deeds is put in issue, and also their acceptance.

Section 3760, Kentucky Statutes, reads as follows: "Unless in a direct proceeding against himself or his sureties, no fact officially stated by an officer in respect of a matter about which he is by law required to make a statement, in writing, either in the form of a certificate, return or otherwise, shall be called in question, except upon the allegation of fraud in the party benefited thereby, or mistake on the part of the officer." Under the law it was the duty of the county court clerk to take the acknowledgment of deeds. His certification shows that both deeds were duly acknowledged and lodged for record. The statements which he makes in his certificate are not successfully assailed by the facts of this record.

The only question that remains is whether or not the deeds were accepted. It was to the interest of Daniel W. Young that these deeds be accepted, because they were beneficial to him. Therefore a presumption should be indulged that they were accepted. Owings v. Tucker, 90 Ky., 297, (13 S. W., 1078). Certainly Milward and wife would not have conveyed the land to Daniel W. Young unless the deed from Young and wife to him had been accepted by him. They were executed upon the same day, with the same consideration recited in each. After

the lapse of so many years, it must be presumed that the deeds were accepted. Having reached this conclusion, it is unnecessary to consider the question as to whether the deeds were admissible in evidence as anciont documents.

It follows that the widow was entitled to a homestead or dower in the house and lot, and she had a right to remain in possession of the property until her interest was assigned to her. Did she lose the right to her homestead in the property because she surrendered the possession of it under the circumstances we have detailed? The statute (section 1707) gives it to the widow so long as she occupies the same. The widow's right to the homestead continues so long as she is in possession of it by herself, agents, or tenants. It is not necessary that she should actually live upon it. Phipps v. Acton, 12 Bush, 375; Sansberry v. Simms' Adm'x, 79 Ky., 527. Having been forced out of the possession of the property, under the circumstances detailed, the occupancy of Young, for purposes of determining her right to the homestead, must be treated as that of herself. It would be an illiberal and unreasonable interpretation of the statute to hold that she, in the meaning of the statute, had ceased to occupy her homestead. The judgment is affirmed.

Held in the forcible entry case of Young v. Young, tried with the foregoing case:

One who enters upon land in the actual possession of another, without his consent, may be removed by a writ of forcible entry and detainer, though the right of entry was in him, and an action instituted by him involving the title and right of possession pending.

Opinion by Judge Paynter affirming.

This is a proceeding of forcible entry and detainer which was instituted by the appellee against the appellant. The possession of the property referred to in the action of Young v. Milward (this day decided) 58 S. W., 592, is involved. The facts with reference to the ownership of the property, and the circumstances under which the appellant surrendered it to the appellee, are fully stated in that opinion, and in which the court decided that she was entitled to hold the property until her homestead or dower right had been adjudged to her. The appellee, after he obtained possession of the property, rented it for several months; but the appellant, having learned of the facts which she supposed gave her a homestead or dower in it, sought to regain possession of it, and with that view demanded of Young the surrender of it to her, which he refused to do. No one was living in the property and it was locked up, and Young had the keys. Thereupon the appellant effected an entrance into the house while it was thus vacant, and took possession of it. In this proceeding she was adjudged to be guilty of forcible entry and detainer. It is insisted that, as the right of entry was in her, she had the right in law to take peaceable possession of the property, and in doing so was not guilty of forcible entry and detainer. A forcible entry, under sub-section 2, section 452, Civil Code Practice, is defined to be "an entry without the consent of the person having the actual possession." Although she had the right of entry, still, if the appellee was in the actual possession of the property when she made the entry without his consent, she was guilty of the forcible entry. It was adjudged in Smith v. Dedman, 4 Bibb, 192, that, so far as the right

to a forcible entry is concerned, force is implied from an entry without consent on land in possession of another, though made by a person having a right to enter. This court had under consideration in Tribble v. Frame, 7 J. J. Marsh, 599, the question as to what the owner of land, who had the right of entry, could do with reference to the exercise of that right; and in passing upon the question Judge Robertson said: "The statute of 1810, of this State, can not materially affect this case. It should not be construed as affecting the common-law right of entry, or the legal consequences resulting from an actual entry, to any greater extent than they had been affected in England by the statutes of forcible entry and detainer enacted in that kingdom. The statutes of England only apply to actual force. The Kentucky Statute applies not only to entries with actual force, but also to entries without such force, but against the will of the person in actual possession at the time of the entry. But, surely, as the statutes of England did not take away the right of entry in fact, there can be no good reason for supposing that our statute of 1810 was intended to have such an operation. In England a person having a right of entry was deemed in the actual possession whenever he made an actual entry, and could not be evicted in any other legal mode than by a proceeding under the statutes of forcible entry and detainer. His entry was as beneficial as lawful, and as effectual as it would have been according to the common law, except only that he was liable to restitution under the statutes." While it is adjudged in that case that the statute on the subject of forcible entry and detainer did not affect the common-law right of entry, still it is said the one who thus entered was "liable to restitution under the statutes." The statute to which the court referred was

on the subject of forcible entry and detainer.    It was ruled in Tucker v. Phillips, 2 Metc., 416, that the statute relating to forcible entries and detainers does not affect the common-law right of entry, when exercised in a peaceable manner, except so far as the statute itself furnishes a remedy to regain the possession; and in that case the court said: "A person having the right to enter, who makes an entry in pursuance of that right, can only be removed by a writ of forcible entry and detainer." These opinions are to the effect that the statutes relating to forcible entry and detainer do not affect the common-law right of justifying in an action of trespass *quare clausum fregit* by pleading and proving a right of entry.  So, if one has the right to enter upon land in the actual possession of another, and does enter, he can plead that right of entry as a bar to a recovery in an action of trespass.  While the right of entry still exists, it does not prevent a recovery in a proceeding of forcible entry and detainer.  The appellee had actual possession of the house, and never consented that the appellant should take possession of it.  He had it locked up, and never manifested any intention to abandon it.  He continued in the actual possession of it.  Therefore we think the appellant was guilty of forcible entry and detainer.

Counsel for appellant insists that this action of forcible entry could not be maintained pending the suit in in which the opinion was this day delivered, to which reference has been made.  Before the entry of Mrs. Young into the house as stated, she had instituted an action in the Fayette Circuit Court to establish her right to a homestead in the property, and to have it sold, as it was indivisible.  A proceeding of forcible entry is summary in character, involving alone the question of possession of

property. After right of entry could not be interposed as a defense in a forcible entry and detainer proceeding, neither could the pendency of the action in equity pro-tect her in enjoying that which she had obtained by her forcible act. Even if there had been a judgment in the ac-tion to the effect that she was entitled to be restored to possession, she could still be guilty of the forcible en-try and detainer by entering upon the property against the will of the appellee. Davis v. Lee, 2 B. Mon., 300. If the position of counsel be correct, one with the right of en-try could institute an action of ejectment against one in the actual possession of land, then enter upon it against the will of the defendant, and, in defense of a forcible entry and detainer proceeding instituted to recover the possession thus taken, plead that it ought not to be main-tained because there was an action pending between the same parties involving the title and possession to the land. We can not agree with counsel that the pendency of the suit prevented the prosecution of the forcible entry and detainer proceedings. The judgment is affirmed.

Petition for rehearing filed by appellant and overruled