Case 80.—ACTION BY JOHN W. MULLINS AGAINST ANNA H. MULLINS, &c., TO SET ASIDE A CONVEYANCE OF LAND.—June 2.

## Mullins, &c. v. Mullins.

Appeal from Letcher Circuit Court.

M. J. Moss, Circuit Judge.

On motion of defendants to set aside a judgment by default and for permission to file an answer. From an order denying such relief defendants appeal. Reversed.

Deeds—Parent to Infant Children—Action to Cancel—Evidence of Father—Competancy—Action Against Infants—Service of Process on Attorney Appointed by Clerk—Legality—Appeals—Jurisdiction to Correct Record—Delivery of Deed—Acceptance by Infant—Consideration—Limitation—Must be Pleaded.

1. Infants—Action Against—Service of Process on Attorney Appointed by Clerk—Legality of Service—In an action by the father against his infant children to set aside a deed made

Mullins, &c. v. Mullins.

by him to them, he stated in his petition, which was sworn to, that he was divorced from their mother and her place of residence was unknown, but failed to state whether or not they had a statutory guardian. Upon this affidavit the circuit clerk, under section 745 of the Civil Code, appointed a practicing attorney at the bar, upon whom service of process was had for the two infants. Held—That under the facts stated the affidavit and the action of the clerk were only defective and not void, and the judgment rendered therein was not void.

2. Appeals—Jurisdiction to Correct Record—This court has no jurisdiction to correct the records of the circuit court.

3. Deed From Father to Infant Children—Action to Cancel—Evidence of Father—Competency—In an action by a father against two of his infant children to set aside a deed made by him to them, the father was an incompetent witness to testify for himself concerning any verbal statement of or any transaction with his said infant children, who were at the time of the transaction under fourteen years of age.

4. Same—Consideration—Favor and affection is a sufficient and valid consideration to uphold a deed from a parent to his child.

5. Delivery of Deed—Acceptance by Infant—The fact that the father in his petition alleged that he had the deed made and recorded in the proper office was positive evidence of his intention to part with and pass the title to the land to his children. It did not require the actual manual delivery of the deed to them to make it a legal conveyance. The children being infants at the time, and the conveyance being beneficial to them, equity implied an acceptance thereof on their part, but they had the right to reject the conveyance when they became of age within a reasonable time.

6. Limitation—Must be Pleaded—Limitation can only be relied on when pleaded by answer.

LEIBER & LINCOLN and SALYERS & BAKER for appellants.

## POINTS AND AUTHORITIES.

1. Where the grantor executes and acknowledges a deed and causes same to be recorded in the proper office, the law raises the presumption that he delivered the instrument on the day of its date. (Bunnell v. Bunnell, 23 Ky. Law Rep., 800, 110 Ky., —; Brann v. Monroe, 11 Ky. Law Rep., 326; Davis v. Garrett, 18 S. W. R., 113; Swiney v Swiney, 14 La., 316; Young v. Milward, 109 Ky., 125.)

Mullins, &c. v. Mullins.

2. And where the grantee of such a deed is an infant, and the deed is beneficial to him, the presumption of delivery to, and acceptance by, him is absolute. (Owings v. Tucker, 90 Ky., 297; Rivard v. Walker, 39 Ill., 413; Cecil v. Beaver, 28 Iowa, 241; Sowerbye v. Arden, 1 Johns. Chy., 240.)

3. Manual delivery of a deed is not required. The real test of delivery is, did the grantor by his acts or words, or both, intend to divest himself of title? If so, the deed is delivered. (Martin v. Bates, Gd'n, 20 Ky. Law Rep., 1798; Ward v. Small's Ex'r, 90 Ky., 198; Shoptaw v. Ridgway, 22 Ky. Law Rep., 1495.)

4. Judgment in a personal action is dependent upon actual service of process on the defendants, or their personal appearance in the action, otherwise the judgment is void.

5. A formal entry, plea, or motion, ascertainable by the record, constitutes an appearance. (Scott v. Hull, 14 Ind., 136.)

6. Appearance as witness or service of notice to take depositions and attending the taking does not constitute a waiver of service of process. (Nixon v. Downey, 42 Iowa, 78; Buetz v. Eubanks, 32 Kan., 321.)

7. An appearance by an infant dependent, without service of process on him, is invalid and the judgment void. (Womack v. Load, 11 Ky. Law Rep., 6; Wooldridge v. Harding, 21 Ky. Law Rep., 205; Silver v. Shelback, 1 Dall [Pa.], 178.)

HAGER & STEWART, S. S. WILLIS and R. L. GREENE for appellees.

POINTS AND AUTHORITIES.

1. The defendants were before the court in the manner provided by law. (Civil Code, secs. 38-52; Tyler v. Jewell, 10 Ky. Law Rep., 887; McMakin v. Stratton, 82 Ky., 226; Gardner v. Letcher, 16 Ky. Law Rep., 778; Walch v. Davis, 17 Ky. Law Rep., 634; Robinson v. Clark, 17 Ky. Law Rep., 1401; Watts v. Watts, 19 Ky. Law Rep., 25.)

2. The appellants have waived all mere errors, irregularities, or defects in the preparation of the original action, by proceeding to have the judgment vacated upon the merits of the controversy. (Richards, Gd'n v. Richards, Adm'r, 10 Bush, 617.)

3. The judgment of the chancellor was correct upon the ground that the facts of the case and the circumstances of the parties presented a case which authorized the interposition of a court of equity to grant the relief asked. (Story's Equity Juris., secs. 693-694; Pomeroy's Equity Juris., sec. 1399; and cases cited under said sections.)

4. It was the duty of the chancellor to render the judgment cancelling the deed upon the further ground that the defend-

ants acquired no title thereunder, the same being neither delivered nor accepted; and it being on record in an uncancelled state constituted a cloud upon plaintiff's title. (Owings v. Tucker, 90 Ky., 398; Brann v. Monroe, 11 Ky. Law Rep., 326; Thompson's Heirs v. Jackson, 10 Bush, 424; Bell v. Farmers Bank, 11 Bush, 34; Jefferson County B. Association v. Heil, 81 Ky., 513; 2 Washburn on Real Property, s. p. 581; Devlin on Deeds, sec. 290; Keller v. Wilson, 90 Ky., 354; Simmons v. McKay, 5 Bush, 25; Oliver v. Park, 101 Ky., 1; Black on Judgments, 197.)

OPINION BY JUDGE NUNN—Reversing.

The appellee, John W. Mullins, is the father of the appellants, Anna H. Mullins, William Mullins, Sarah Mullins and Mahulda Mullins. On August 31, 1886, in consideration of "favor and affection," the appellee signed, acknowledged, and put to record a deed conveying to the four children named, "his heirs and all his heirs hereafter," the tract of land herein described, reserving the walnut trees theretofore sold and right of way for their removal. On June 13, 1898, appellee filed his petition in equity in the Letcher Circuit Court, making the appellants defendants, alleging that they, except Anna H. Mullins, were infants under the age of 21 years, and that Sarah and Mahulda Mullins were under 14 years of age; that he was their father, and that they all resided with him; that plaintiff was divorced from their mother, and that her place of residence was not known; that he had, on the 31st of August, 1886, signed and acknowledged the deed hereinbefore referred to, and had it recorded in the office of the county clerk of Letcher county; that such was done without the knowledge of the grantees, and without consideration; that he did not deliver the deed to the grantees, nor to any one for them or either of them, and that the same was never accepted by them; that the grantees named were then his only children, and that he

intended to convey to them and any other children he might thereafter have; that it was by mistake that the deed was made to the named children alone; that he had since married, and had four other children, all girls but one, the eldest being nine years of age and the youngest five years of age; that he had become a permanent cripple, unable to perform manual labor, and that he was unable to support his children without selling the land, and that he did not desire to deliver or confirm the deed, but that he desired to sell the land and educate the children; that the land in question was mountainous and rough, unsuitable for farming purposes; that he had removed to Laurel county on a farm more suitable for farming purposes, which he had not yet paid for, and that to complete the payments thereon it was necessary for him to sell this land; that he was unable to make a sale with this deed on record, which cast a cloud upon his title; and he prayed that this deed might be canceled, etc. Upon the trial of this case the court granted the prayer of his petition.

On August 28, 1902, the appellants, Anna H. Mullins and William Mullins and the latter as next friend of Sarah and Mahulda Mullins, moved the court to set aside the judgment entered December 1, 1898, upon the ground that this judgment was void, and tendered and offered to file their answer, which the court refused to allow filed, and overruled the motion to vacate the judgment, to which they objected and excepted, and they have appealed from this order, as well as the judgment of 1898.

The appellee's counsel argue in their brief that, as appellants did not take their appeal until more than two years had elapsed from the rendition of the judgment of 1898, their right to prosecute this appeal is barred, and the appeal should be dismissed. This

would apply to Anna H. Mullins, and possibly to William Mullins, if the statutes of limitations had been pleaded by appellee, but under no circumstances could it apply to the other two appellants, as it appears that they are still under 21 years of age.

In the case of Riley v. Reed, 13 Bush, 412, the court said: ''It was the practice of this court under the old Code to require the statutes of limitations to be pleaded. That practice, we think, was correct, and should be adhered to. It has been repeatedly held that the statutes of limitations of actions can not be relied upon in an original action by demurrer, or otherwise than by an answer. One of the grounds of those decisions is that the plaintiff would be deprived by the demurrer of an opportunity to show that he is within some of the savings of the statutes. The statute limiting appeals to two years also contains savings in favor of persons under certain disabilities, and to allow an appeal to be dismissed on motion would deprive the appellant of an opportunity to show that he was within some of them. And, moreover, as it does not appear that the appellant is not within some of the savings in the section imposing the limitation, it does not appear from the record that the appeal is barred.''

Sec. 745 of the present Civil Code of Practice is substantially the same as section 884 of the Code, which was in existence at the time of the rendition of the opinion, supra. It does appear that' the appellants, Sarah and Mahulda, were under the disabilities named in this section of the Code. And it does not appear that the other two children, Anna H. and William, were not within some of the savings in the section imposing the limitations.

The appellants contend that the lower court erred in failing to vacate the judgment of December, 1898,

for the reason that it was and is void, because they were not summoned, and the court had no jurisdiction of their person.   We will consider the question raised as to the service of process upon Sarah and Mahulda, the two who were under 14 years of age at the institution of the action.

· Sec. 52 of the Civil Code of Practice provides: ''If the defendant be under the age of fourteen years, the summons must be served on his father; or if he have no father, on his guardian or if he have no guardian, on his mother, or if he have no mother, on the person having charge of him.  If any of the parties upon whom service is directed to be served by this section is a plaintiff, then it shall be served on the person who stands first in the order named in said section, and who is not a plaintiff; and if all such persons are plaintiffs, it shall, on the affidavit of one or more of them showing that fact, be the duty of the clerk of the court to appoint a guardian ad litem for the infant, and the summons shall be served on such guardian.''

The petition of appellee was subscribed and sworn to, and it was stated in it that he was the father of the appellants and they resided with him, and that their mother was divorced from him and her place of residence unknown.  He failed to state whether or not they had a statutory guardian.  Upon this affidavit the clerk appointed one Ira Field, a practicing attorney at the bar, upon whom the service of process was had for the two named infants.  Appellants claim that because of the omission from the affidavit they had no statutory guardian; that the clerk was without jurisdiction to appoint Ira Field, or any one upon whom process might be served for them.  They do not attempt to show that they in fact had a statutory guardian at the time upon whom process might have been served.  In our opinion, under the facts

stated, the affidavit and the action of the clerk were only defective, and not void. (McMakin v. Stratton, 82 Ky., 226, 8 Ky. Law Rep., 766,; Gardner v. Letcher, 29 S. W., 868, 16 Ky. Law Rep., 778; Robinson v. Clark, 34 S. W., 1083; 17 Ky. Law Rep., 1401; Walch v. Davis, 32 S. W., 281, 17 Ky. Law Rep., 634.)

Appellants claim that the two children, Anna H. and William, were not served with process in any manner. The original record, as filed in the office of the clerk of this court, does not show that any service of process was had upon them. After this case was first submitted in this court, the appellee asked the court to set aside the order of submission of the case, and permit certain affidavits of the present and former clerks of the Letcher Circuit Court and of D. D. Field to be filed, for the purpose of showing that processes were issued and executed upon Anna H. and William Mullins which were not copied into the record. This motion was passed upon June 8, 1904, in 81 S. W., 687, 26 Ky. Law Rep., 443, wherein the court said: "If, as a matter of fact, the alleged missing papers were ever a part of the record, their omission could be shown and supplied by a proceeding in the Letcher Circuit Court." After that date the appellee, or those representing him, appeared in the Letcher Circuit Court, as shown by a supplemental transcript, the case was redocketed by consent, proof . was heard, and it is made to appear by this additional transcript that a summons was issued against Anna H. and William Mullins on the day on which the original petition was filed, and was executed upon them by delivering to each a true copy of the summons on July 22, 1898, some two months before the judgment was rendered in that action. It also appears that the appellants were represented in the matter by their attorneys, Salyers & Baker, who ob-

jected and excepted to the action of the court therein. This additional transcript is duly certified by the clerk of that court as a part of the record made by the court in the action named. The appellants, by counsel other than Salyers & Baker, object to the filing of or the consideration by this court of the additional transcript, and presents his affidavit, and states, in substance, that this supplemental proceeding in the action was without notice served upon the appellants or himself; that Salyers & Baker were not employed by appellants; that he alone represented them by their employment; and that after he was employed he obtained the services of Salyers & Baker, resident attorneys, to aid him in looking after the interests of his clients. If these alleged facts are true, it was the duty of the appellants to take such steps in the Letcher Circuit Court to correct the errors complained of. This court has no jurisdiction to correct the record of that court. Taking this supplemental record as true, which we must, Anna H. and William Mullins were duly served with process in that action, and the judgment against them is not void.

We are of the opinion that the court erred in setting aside the deed from appellee to appellants. The appellee, the father of appellants, testified, and in substance proved the allegations of his petition. His father was a witness for him, and he stated that he was present when the deed was made, and that the appellants were not present at the time, and there was no consideration paid the appellee for the land. Appellee also introduced his two eldest children, defendants in that action, who stated in substance that they never paid any consideration for the land, and that their father had never delivered the deed to them, nor had they ever had possession of it, and had never heard, before the deed was made, that it was

to be made; that they did not know that it had been made until a short time before the giving of their deposition. The evidence of the appellee was incompetent under sub-section 2, sec. 606, of the Civil Code of Practice, which says: "No person shall testify for himself concerning any verbal statement of, or any transaction with, or any act done or omitted to be done by, an infant under fourteen years of age except for the purpose, and to the extent, of affecting one who is living, and who, when over fourteen years of age and of sound mind heard such statement or was present when such transaction took place or when such act was done or omitted." Even if his testimony were competent, and considering it with the other proof offered, it did not authorize the court to cancel the deed. This court has repeatedly decided that "favor and affection" is a sufficient and valid consideration and will uphold a deed from a parent to his child. Appellee alleged in his petition that he made and executed this conveyance, and had it recorded in the proper office. These acts were positive evidence on the part of appellee that it was his intention to part with and pass the title to this land to his children. It did not require the actual manual delivery of the deed to his children to make it a legal conveyance. The children at the time being infants, and the conveyance being beneficial to them, equity implied an acceptance thereof on their part, but they had the right to reject the conveyance upon their arrival at age within a reasonable time. (Owings v. Tucker, 90 Ky., 297, 12 Ky. Law Rep., 222, 13 S. W., 1078; Locknane, &c. v. Hoskins, 69 S. W., 719, 24 Ky. Law Rep., 639; Bunnell, &c. v. Bunnell, &c., 111 Ky., 566, 64 S. W., 420, 23 Ky. Law Rep., 800.)

For the foregoing reasons, the judgment is re-

versed, and the cause remanded for further proceedings consistent herewith.