## Eversole & Company v. Burt & Brabb Lumber Company, etc.

(Decided October 23, 1914).

### Appeal from Leslie Circuit Court.

1. **Deeds—Construed in Connection with Patent and Survey Certificate.**—Where a patent, the calls of which were incorrect, referred to the surveyor's certificate and plat showing the correct courses and distances, which included a larger quantity of land and the patentee conveyed the land by the calls in the patent and the patent was referred to in the deed, the certificate of survey and plat became a part of the description in the deed and could be referred to to correct the erroneous calls therein.

2. **Deeds—Validity—Mistake as to Quantity—Effect.**—Where the intention of the parties was to convey all the land covered by a patent to the vendor, any mistake in the patent as to the land conveyed would not affect the patentee's title, especially after the land had passed to innocent purchasers, though the grantor might have a claim for the price of the additional land.

3. **Deeds—Action to Recover Value of an Excess of Land—Mistake in Deed as to Quantity—Statute of Limitations—When a Bar to Action.**—In this action to recover the value of an alleged excess of land claimed to have been included by mistake of the vendor in a deed made his vendees; the mistake being as to the amount to be paid for the land, not as to the piece of land sold and intended to be conveyed. Held, that as the action was not instituted within five years next after the discovery of the mistake nor within ten years next after the mistake was made, it is barred by the statute of limitations. Sections 2515-2519 Kentucky Statutes.

CLEON K. CALVERT for appellant.

METCALF & JEFFRIES for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This action was brought by the appellants, A. B. and Abner Eversole, partners doing business under the

style of Eversole & Company, in the court below to re-
cover of the appellees, Burt & Brabb Lumber Company
and others, $250.00, with interest, as the value of 125
acres of land in Leslie County, of which the appellee,
Burt & Brabb Lumber Company, has been adjudged the
owner, but for which, it was alleged, it paid nothing.
The action, though brought at law, was by consent of the
parties transferred to the equity docket and decided by
the court as if it were an action in equity. The cause
of action asserted grew out of the following state of
facts:

April 3, 1876, there issued to Leslie Harris a patent
for 200 acres of land then in Harlan, but now in Leslie
County, lying on Lick Branch of Greasy Creek, a tribu-
tary of the Middle Fork of the Kentucky River. The
patent was based upon a survey made on August 8, 1873.
In November, 1889, Harris conveyed this land to John
C. Chappell, G. M. Asher and H. M. Asher, by deed de-
scribing the land according to the boundary given in the
patent. This deed was acknowledged before John C.
Chappell, one of the grantees, at the time a deputy of
the clerk of the Leslie County Court, and was recorded
in the proper office in December, 1889. As Chappell was
one of the grantees in the deed, he and the Ashers be-
came afraid that that fact might invalidate the deed, so
on the 16th day of July, 1890, they obtained from Harris
a second deed, conveying them the same land, bounded
as in the first deed and in the patent, with the following
additional description:

"Containing two hundred acres, more or less, and
being the same land granted by the Commonwealth of
Kentucky to the said Lewis Harris by patent bearing
date April 3, 1876, No. 51,929, recorded in the register's
office in book 94, page 350."

Following the execution of the second deed, the
partnership of Asher Brothers and Chappell was in-
corporated, under the laws of the State of Michigan, its
corporate name being the Asher Lumber Company; and
later by resolution of the stockholders and supplemental
articles of incorporation, duly adopted, the name of the
corporation was changed from the Asher Lumber Com-
pany to Burt & Brabb Lumber Company. On the 22nd
day of August, 1890, John C. Chappell, George M. and
Hugh L. Asher, together with their wives, conveyed by
deed to the Asher Lumber Company the land which had
theretofore been conveyed them by the two deeds from

Lewis Harris; the land being bounded and otherwise described in the last mentioned deed as in the deeds from Harris to Chappell and the Ashers and in the patent to Harris. After the change of the name of the corporation of Asher Lumber Company to that of Burt & Brabb Lumber Company the land was owned and held by the latter.

On the 10th day of May, 1904, James L. Lewis and H. M. Hensley purchased from Lewis Harris, what they and Harris believed to be, a part of the land embraced in the 200 acre survey, but not included in the patent boundary he had theretofore conveyed to the Asher Brothers and J. C. Chappell; and obtained from Harris a deed which was duly recorded in the Leslie County Court Clerk's office. On October 11, 1904, James L. Lewis and wife made to H. M. Hensley a deed purporting to convey to Hensley J. M. Lewis' undivided half of the land, for which Lewis and Hensley had theretofore obtained the deed from Harris. The deed from Lewis and wife to Hensley was also properly recorded. On June 10, 1905, H. M. Hensley sold and conveyed to the appellants, A. B. Eversole and Abner Eversole, partners as Eversole & Company, the land which had previously been conveyed Hensley and Lewis by Harris and in part by Lewis to Hensley.

Before the sale from Hensley to Eversole & Company, and while he was claiming to own the land embraced in the deed from Lewis Harris to J. M. Lewis and himself, Hensley cut and removed therefrom certain merchantable timber, and for the alleged trespass thus committed by Hensley he was sued by the appellee, Burt & Brabb Lumber Company. As the cutting of the timber was attempted to be justified by Hensley upon the ground that the title to the land upon which it stood was in him, this defense put in issue the question of title, which was decided by the circuit court in favor of the appellee, Burt & Brabb Lumber Company. From that judgment Hensley prosecuted an appeal to this court, which affirmed the judgment. (See Hensley v. Burt & Brabb Lbr. Co., 132 Ky., 112.)

Hensley's claim of title was based upon the theory that the boundary of the land contained in the patent issued to Harris and the deeds from the latter to Chappell and the Ashers, and from them to the Asher Lumber Company, predecessor of the Burt & Brabb Lumber Company, did not contain all the land actually granted

to Harris by the patent, and that the residuum was conveyed him and Lewis by the deed which Harris made them, such residuum being discovered, it was claimed, by correcting the patent calls, obviously erroneous, by the correct calls of boundary contained in the certificate of the survey previously made of the land, and then by subtracting from that correct boundary the boundary given by the patentee's deed to Chappell and the Ashers.

It was held by this court on Hensley's appeal that the patent boundary was incorrect and contained a smaller quantity of land than the survey, on which it was based, manifested; but that as the patent referred to the certificate of the survey made of the land and the survey contained a correct boundary of the land, the quantity intended to be granted the patentee and showed the error in the boundary given by the patent, the patent boundary was to be regarded as corrected by that given in the certificate of survey, and the latter as showing the actual quantity of land granted the patentee.

It was further held that the deeds from Harris conveying the land to Chappell and the Ashers, though containing the boundary as shown by the patent, should be construed as was the patent and corrected and controlled by the boundary and description furnished by the certificate of survey. On these grounds the deeds from the patentee Harris to Chappell and the Ashers were held to have conveyed all the land intended to be granted Harris by the patent; and that Hensley and Lewis took nothing by their subsequent deed from the patentee. In closing the opinion, however, the court said:

"Appellant took the deposition of the patentee Harris, who testified that Chappell had the land surveyed when he bought it, and reported that it contained but 79 acres, and paid him for that quantity only; but it is clear from the testimony of this witness that his intention at the time was, and such was the purpose of the parties, to convey his title to all the land covered by his patent. They may have made a mistake as to its quantity; but that would not affect the conveyance of his title, particularly after it had passed into the hands of an innocent purchaser for value. The patentee may have a claim against Chappell for the balance of the purchase money. The only mistake was as to the amount to be paid for the land, not as to the piece of land sold and intended to be conveyed."

The above statement in the opinion as to the probable mistake made by the patentee Harris in the quantity of land conveyed Chappell and the Ashers, together with the intimation that the former might have a claim against them for the money lost to him by reason of the mistake, furnished the basis for the present action; it being the contention of the appellants that though the deed from the patentee Harris to Lewis and Hensley, that of Lewis to Hensley and the deed of the latter to appellants, did not in fact pass to them the title to the land included by mistake in the deed from Harris to Chappell and the Ashers, for which they did not pay; they did, by subrogation, assign and vest in appellants the right which Harris might have enforced to recover of the appellee, as the vendee of Chappell and the Ashers, compensation for the excess of land obtained by them on account of the mistake in the deed from Harris and for which Harris was not paid; the value of which, it was alleged, was $250.00.

Without determining whether there is any merit in this contention of appellants we are constrained to hold that the recovery sought by them is barred by the statute of limitations, aptly pleaded by the answer of appellee.   Section 2515, Kentucky Statutes, provides that an action for relief on the ground of fraud or mistake must be commenced within five years next after the cause of action accrues, and section 2519 provides that in an action for relief on the ground of fraud or mistake the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake, but no such action shall be brought ten years after the time of making the contract or perpetration of the fraud or mistake.   In other words, when the party who is injured by the fraud or mistake, becomes aware of it, he must bring his action within five years thereafter, but in no case can he bring it after the lapse of ten years from the making of the contract or the perpetration of the fraud or mistake.   Brown, etc. v. Brown, 91 Ky., 641; Nave v. Price, 108 Ky., 107; Crane v. Prather, 4 J. J. Mar., 75; Dye v. Holland, 4 Bibb., 635; Young v. Craig, 2 Bibb., 270; Harrison v. Tolbert, 2 Dana, 258.

The cause of action upon which appellants rely does not rest upon a deed or contract of sale of the land, nor upon any fraudulent representation made by either vendor or vendee at the time of the sale, but upon an implied contract on the part of the vendees of the land to

pay the vendor for a quantity of land, by mistake, conveyed them by the vendor, in excess of the quantity agreed to be conveyed them, and for which excess they did not pay. So the statute of limitations of ten years began to run from the date the law implied a contract on the part of the vendees to pay for the excess in the quantity of land conveyed, which was when they paid for what land Harris supposed he had conveyed them, viz.: November 7, 1889. So if it be assumed that Lewis Harris' discovery of the mistake made by him in the sale and conveyance of the land to Chappell and the Ashers, was not made until he made the deed conveying to Lewis and Hensley the land supposed to be covered by his patent, which he had not intended to convey to Chappell and the Ashers, as the deed to Lewis and Hensley was executed May 10, 1904, this was more than ten years after the mistake was made; and the present action was not instituted by the appellants until July 15, 1909, which was not only more than five years after the discovery of the alleged mistake, but also nearly eighteen years after the mistake was made.

Appellants, even if it be granted that they, as his vendees, are subrogated to the rights of the patentee Harris, by and against whom the mistake, complained of, was made, are chargeable with his discovery of the mistake, and are, consequently, in no better position to maintain this action than he would have been. It is patent from what has been said that the action of the circuit court in dismissing appellants' petition properly determined the rights of the parties, and the judgment is, therefore, affirmed.