## Combs v. Ison, et al.

(Decided February 29, 1916.)

### Appeal from Letcher Circuit Court.

1. Reformation of Instruments—Mistake—Evidence.—In a proceeding to reform and correct an alleged mistake in a deed evidence examined and found to be insufficient to establish the alleged mistake.

2. Limitation of Actions—Reformation of Instruments.—A suit to reform and correct a deed executed through an alleged mistake must be brought within five years from the date of the execution of the deed under section 2515 of the Statutes, or within five years from the discovery of the mistake, but in no event longer than ten years from the commission of the mistake. (Section 2519, Ky. Statutes.)

3. Infants—Deed Executed to—Delivery—Acceptance.—It is a sufficient delivery of a deed executed to an infant that the grantor causes same to be recorded in the county court clerk's office and especially so when the grantor is the parent of the grantee, and if the conveyance is beneficial to the infant grantee, equity will

presume an acceptance by him unless within a reasonable time after he arrives at age he repudiates or declines to accept the deed.

J. M. HALL, J. M. COOK, HALE & COOK and STEPHEN COMBS for appellant.

DAVID HAYS, IRA FIELDS and E. E. HOGG for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On October 3, 1895, James S. Frazier was the owner of a body of land consisting of several tracts, and on that day he deeded this farm to his infant children, Dora Belle Frazier, Susan Frazier, Henry C. Frazier, Soloman Frazier, Little Lee Frazier and Jonathan Frazier. On the seventh of October following the date of the execution of the deed, by which he conveyed to the grantees an absolute title, he caused it to be recorded in the county court. clerk's office of Letcher county. At the suggestion of the grantor, and by his procurement, the deed was prepared by one James Fitzpatrick, who seems to have been one of the leading attorneys at the time in Letcher county. After the deed was recorded it was taken by the grantor to his home and kept by him in his house until, it seems, about the time of the filing of this suit, which was some time previous to the 14th day of January, 1913, on which day a substituted petition was filed in lieu of the original one which had become lost—the record not showing the date upon which the original petition was filed.

The suit was brought by Susan Combs (*nee* Frazier) against her sister and her four brothers seeking a division of the land described in the petition in kind, which included not only the land covered by the deed from James S. Frazier, of date October 3, 1895, but also an adjoining tract to that one which had been conveyed to the children of James S. Frazier by the Rockhouse Realty Company by deed dated May 19, 1908. There was no interest whatever attempted to be conveyed by the deed of the Rockhouse Realty Company to James S. Frazier. On January 23, 1913, the father of the parties to this suit, James S. Frazier, being the grantor in the deed of October 3, 1895, filed in the cause his petition, which he asked to be made his answer and a crosspetition against the defendants and a counter-claim against the plaintiff. In this pleading he alleges that

in making the deed of October 3, 1895, he made a mistake in conveying an absolute title to his children because, as he claims, it was his intention to convey to them only an interest in remainder after his death. In other words, that it was his intention to have reserved to himself in the land conveyed an estate for his natural life. It is furthermore alleged that a similar mistake was made when the deed from the Rockhouse Realty Company was executed on May 19, 1908, in that the understanding between himself and children was that he should be conveyed an interest in that tract for his life with remainder to his children. His prayer is that these deeds be reformed so as to conform to his contentions and that the petition be dismissed. This pleading was by a reply traversed, and in another paragraph the statute of limitation was invoked to defeat the relief which he sought. After preparation and submission the court dismissed the petition and declined to order a division of the land as prayed for, and adjudged "that the defendant, James S. Frazier, is adjudged the control and possession of said property for and during his natural life." From this judgment this appeal is prosecuted.

The proof shows that the petitioner, James S. Frazier, is the owner of other land besides that involved in this suit, but that at the time of the execution of the deed to his children in 1895, he lived on that tract and has continued to reside there since that time. At the date of the execution of that deed his oldest child, being a daughter, and since having married a Mr. Ison, was between twelve and fifteen years of age, and his youngest child, being the defendant, Jonathan Frazier, was only about one year of age. In the meantime the two daughters had married and moved off the place. Two of the sons have taken up their residences on the tract purchased from the Rockhouse Realty Company and the other two reside upon the land conveyed by the deed of October 3, 1895. The wife of James S. Frazier died on April 27, 1895, and he has never married the second time, living most of the time with his different children who occupy with him the old residence, but during later years he has had the youngest son residing in the old homestead with him.

The appellee, James S. Frazier, admits that he discovered the absolute nature of the deed which he executed to his children some time about 1905 or 1906, but

that he made no effort whatever to have this corrected in any manner until the filing of his petition to be made a party to this suit.

Even if he was in an attitude to have this deed corrected because of the alleged mistake, the evidence by no means satisfies us of the existence of such mistake. Upon this his testimony is: "Well, I just took a notion that I wanted them to have it and I didn't know how long I might live and I just thought I would deed it to them thinking I would get the benefit of it my lifetime." "Q. Was you in as good health then as you are now? A. No, sir, not as good as I am now." Being asked as to the instructions which he gave Fitzpatrick, the draftsman of the deed, he says: "I told him I wanted him to write a deed for my children and that I wanted control of it my lifetime, and he went to writing it."

In regard to the alleged mistake in the deed from the Rockhouse Realty Company, executed in 1908, he testifies: "A. My understanding was that I was to have control of the I. D. Hall tract my lifetime. The mineral money was divided between the heirs after it was paid." He then proceeds to testify that it was through his efforts that the deed from the Rockhouse Realty Company to his children was procured. It might here be stated that the parties own only the surface to the lands involved in this suit, the mineral being owned by the Rockhouse Realty Company. This mineral under the surface of the land covered by the deed of October 3, 1895, was purchased by said company from the children of James S. Frazier about the time that it executed the deed in 1908, in which latter deed it reserved the mineral in the tract conveyed by it, and a part of the price for the mineral under the surface of the tract, conveyed by the deed in 1895, paid for the surface of the tract conveyed by the Rockhouse Realty Company in 1908.

It will be seen from the testimony of the petitioner that the alleged mistake for which he seeks relief partakes more of a supposition, or an undisclosed expectation on his part, than of an actual mistake such as the law recognizes and such as under proper circumstances it will correct.

However this may be, the plea of limitations as to the land conveyed by the deed in 1895 must prevail. Section 2515, Kentucky Statutes, limits the time within which an action may be brought for relief on the ground

of fraud or mistake to five years after the cause of action accrued; and section 2519 provides that such actions shall not accrue until a discovery of the fraud or mistake, but in no event shall an action be brought for such relief after ten years from the perpetration of the fraud or the commission of the mistake. It will be seen that more than eighteen years have elapsed since the commission of the alleged mistake with reference to the deed of 1895 and more than seven years elapsed before the filing of the petition since such alleged mistake was discovered by the petitioner. Under such circumstances this court has uniformly applied the sections of the Statute, *supra,* and denied relief. Salve v Ewing, 1 Duv., 271; Bennett Jellico Coal Company v. East Jellico Coal Company, 152 Ky., 838; Eversole & Co. v. Burt & Brabb Lumber Co., etc., 160 Ky., 477. Manifestly, then, as to this particular tract, even conceding that the evidence justified the finding that a mistake did occur, the petitioner's right to the remedy which he invokes must be denied him because he seeks relief too late for recognition.

Concerning the alleged mistake in the execution of the deed from the Rockhouse Realty Co. in 1908, we find no evidence in the record establishing it. On the contrary, it is convincing that all parties fully understood exactly how this deed was to be made and that it was made in that way. Indeed, as we have seen, the entire consideration for this tract was paid by the conveyance of the mineral under the tract conveyed to the children of petitioner by himself in 1895.

It is insisted, however, that the deed of 1895 was never delivered to, or accepted by, the grantees therein. We have seen that it was recorded by the grantor, who is the father of the appellant and the other appelees, and that they were all infants at that time. There is nothing in the record to show that any of them since becoming of age have in any manner repudiated or sought to repudiate that deed, nor have they, since the execution of the deed in 1908, done anything looking to the repudiation thereof. Under such circumstances the rule of law is that the recording of the deed constitutes a delivery, and the grantors being infants, the law will presume an acceptance by them when the conveyance is beneficial to them. Owings v. Tucker, 90 Ky., 297; Collins v. Collins, 29 Ky. L. R., 51; Mullins v. Mullins, 120 Ky.,

643; Atkins, etc. v. Globe Bank & Trust Co., 124 S. W. (Ky.), 879. Other cases, as well as authority from text writers, could be cited, but the rule ·is so thoroughly established as to put it beyond dispute.

In the Mullins case, the rule is stated thus:

"Appellee alleged in his petition that he made and executed this conveyance, and had it recorded in the proper office. These acts were positive evidence on the part of appellee that it was his intention to part with and pass the title to this land to his children. It did not require the actual manual delivery of the deed to his children to make it a legal conveyance. The children at the time· being infants, and the conveyance being beneficial to them, equity implied an acceptance thereof on their part, but they had the right to reject the conveyance upon ·their arrival at age within a reasonable time. (Owings v. Tucker, 90 Ky., 297, 12 Ky. Law Rep., 222, 13 S. W., 1078; Locknene, etc. v. Hoskins, 69 S. W., 719, 24 Ky. Law Rep., 639; Bunnell, etc. v. Bunnell, etc., 111 Ky., 566, 64 S. W., 420, 23 Ky. Law Rep., 800.)"

Without lengthening this opinion with extracts from the other cases referred to, it is sufficient to say that we are convinced that the proof fails, in the first place, to establish the mistake contended for; and, in the second place, as to the tract of land covered by the deed of 1895, the right to correct the deed because of such alleged mistake has long since become barred by the statute of limitation; and, in the third place, that there has been a lawful delivery and acceptance of the deeds to the land in controversy. The court below should have dismissed the petition of James S. Frazier and should have adjudged the right of plaintiff below to have the surface of the land described in the petition divided among the joint owners thereof as nearly equal as possible, quality and quantity considered, and to have appointed commissioners for this purpose and entered such other and further orders as might be necessary to carry into effect the judgment.

Having failed to do this, the judgment is reversed, with directions to proceed in accordance with this opinion. ·